UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARA TEMPERANCE PEACE, | ) | Case No. 3:19CV1034 |
| a.k.a., Todd E. Peace, | ) | |
| | ) | |
| Petitioner, | ) | JUDGE DONALD NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| CHRISTOPHER LaROSE, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

## I.  Introduction

On May 8, 2019, Todd E. Peace (also known as Tara Temperance Peace, and hereinafter

referred to as "Peace," or "petitioner") filed a second petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  (R. 1.)  The petition is before the magistrate judge pursuant to

Local Rule 72.2.  Petitioner is in the custody of the Ohio Department of Rehabilitation and

Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Peace*, Case No.

97-29-CR (Hancock County Feb. 11, 1999).  (R. 1, PageID #: 1; R. 8-1, RX 6.)  Currently before

the court is respondent's motion to transfer the petition to the Sixth Circuit Court of Appeals.

(R. 8.)  The undersigned recommends that the motion to transfer be GRANTED and the case

transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b) as a second or

successive habeas petition seeking relief under 28 U.S.C. § 2254.

1

## II.   Background

### A.  Peace's Petition for a Writ of Habeas Corpus

Peace's present petition stems from his 1998 guilty plea and conviction for Aggravated murder, Aggravated Arson, and Tampering with Evidence, in the Hancock County, Ohio Court of Common Pleas.  (R. 1, PageID #: 1.)  In his petition, Peace raises four grounds for relief:

1. "Denial of due process" [attorney allegedly failed to file direct appeal].

2. "Ineffective counsel" [alleged coerced plea].

3. "Denial of due process" [alleged violation of Ohio Rev. Code § 2945.06, and Crim. Rule 11(c)(2)].

4. "Denial of due process" [state refused to test allegedly tainted evidence].

(R. 1, PageID #: 3-5.)

This is not Peace's first petition for habeas corpus relief.  In May 2002, Peace filed a petition for a writ of habeas corpus, in this court, challenging the same underlying conviction and sentence.  *See* R. 8-1, RX 19 (*Peace v. Haviland*, Case No. 3:02CV7256) (N.D. Ohio filed May 17, 2002).  The court dismissed that petition as untimely filed.  *See* R. 8-1, RX 21, 22.

### B.  Pertinent State Court Filings

Peace has filed multiple post-conviction motions and petitions for post-conviction relief in the state courts.  *See generally* R. 8, PageID #: 125-133 (procedural history).  The following state court filings and decisions are relevant to the present petition and respondent's motion before this court, *i.e.*, whether there was a new judgment intervening between the two habeas petitions.  *See generally Magwood v. Patterson*, 561 U.S. 320, 341-342 (2010).

On September 28, 1998, the trial court accepted Peace's guilty plea, finding that Peace entered the plea knowingly, intelligently and voluntarily.  (R. 8-1, RX 5, PageID #: 168.)  Based on the plea, the court found Peace guilty of Aggravated Murder, Aggravated Arson, and

2

Tampering with Evidence.  *Id.* at 168-169.  The judgment entry of sentencing was filed on

February 11, 1999, and the trial court sentenced Peace to "an aggregate prison term of life with

parole eligibility after serving thirty-three (33) years."  (R. 8-1, RX 6, PageID #: 173, *see also*

170-174.)  Petitioner is in state custody pursuant to this judgment.  Peace did not file a timely

direct appeal of the conviction and sentencing.

      Beginning in early 2002, Peace filed a number of post-conviction motions and petitions

in state court — not relevant to the motion before this court — that were denied and did not

impact the 1999 judgment of sentencing.

      On July 8, 2011, however, Peace filed an appeal of the trial court's June 9, 2011, Order

denying various post-conviction motions.  (R. 37, *see also* R. 36.)  The  appellate brief contained

fourteen assignments of error, thirteen of which were overruled by the state court of appeals.  (R.

38, R. 40.)  The fifth assignment of error, alleging error by the trial court "when the appellant's

sentence is ambiguous and contrary to law as it relates to post-release control," was sustained.

(R. 8-1, RX 40, PageID #: 498, 507-509; *see* R. 8-1, RX 38, PageID #: 433, 443-444.)  The court

of appeals found that the trial court's notice of post-release control was incorrect in the

sentencing entry, and needed to be corrected.  *Id.* at 507-508.

      The trial court held a subsequent hearing on January 9, 2012, with Peace appearing via

video-conference, without counsel, and notified Peace that he would be subject to a mandatory

period of five years of post-release control after release from prison, along with the

consequences of any violation of the same.  (R. 8-1, RX 48.)  Peace filed an appeal from this

judgment, raising three assignments of error.  (R. 8-1, RX 49, 52.)  On December 27, 2012, the

state court of appeals sustained the second assignment of error, vacating Peace's term of post-

release control, and remanding the matter to the trial court.  (R. 8-1, RX 55, PageID #: 683.)  The

appellate court found that criminal defendants have a right to counsel at a resentencing hearing in order for the trial court to properly impose post-release control; and the trial court erred in denying Peace's request for counsel at that hearing, in violation of the constitutional right to counsel at a critical stage of the proceedings. (R. 8-1, RX 55, PageID #: 677-678.)

The trial court held another hearing on March 27, 2013, at which time Peace was represented by counsel.  The court advised Peace that he would be subject to a mandatory period of five years of post-release control after release from prison, and the consequences of any violation of the same.  (R. 8-1, RX 55, PageID #: 86 (judgment entry); *see also* RX 83.)  Peace appealed from this judgment, arguing that the trial court erred by imposing post-release control after the prisoner had completed the eligible sentence.  (R. 8-1, RX 87, 88.)  The court of appeals sustained this assignment of error, ruling that the trial court lacked authority to impose a term of post-release control, because — at the time of the March 2013 hearing — Peace had already completed the prison terms for the arson and tampering convictions, which were the only offenses to which post-release control applied.  (R. 8-1, RX 90, PageID #:1140.)  Accordingly, that judgment was reversed, and the case was remanded on May 20, 2014, to vacate the imposition of post-release control.  *Id.*  That same day, the trial court vacated its imposition of post-release control.  (R. 8-1, RX 91.)

Throughout the state court proceedings regarding post-release control, Peace's judgment of conviction remained undisturbed, and the sentence of incarceration remained undisturbed.

### C.  Analysis

The respondent's motion argues that the present petition constitutes a second or successive petition, which must first be considered by the Sixth Circuit Court of Appeals.  (R. 8,

PageID #: 135-137.)  The respondent contends that the petition must be transferred to the Sixth

Circuit pursuant to 28 U.S.C. §2244(b).  *Id.* at 136.

Section 2244's "gatekeeping provisions" apply only to a "second or successive petition"

within the meaning of the statute.  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).  The

habeas statute has several provisions relevant to this issue:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>>
>> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>>
>> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

5

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b).  The respondent identifies Section 2244(b)(3)(A) as relevant to the motion.

(Doc. 8, PageID #: 135

In order to file a "second or successive" habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application.  *Magwood*, 561 U.S. at 330-331; *Tyler v. Cain*, 533 U.S. 656, 660 n.2 (2001) (citing 28 U.S.C. § 2244(b)(3)(A)); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007); *In re Siggers*, 132 F.3d 333, 335 (6th Cir. 1997).  The Sixth Circuit has held that, if a petition filed in a district court is considered a "second" petition, the district court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration.  *See, e.g.*, *In re Sims*, 111 F.3d 45, 46-47 (6th Cir. 1997) (per curiam); *but compare Magwood*, 561 U.S. at 331 (indicating that "if [the petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."); *Burton v. Stewart*, 549 U.S. 147, 153, 157 (2007) (vacating judgment of court of appeals, and directing district court "to dismiss the habeas petition for lack of jurisdiction"); *Tyler*, 533 U.S. at 661 ("claim must be dismissed"); *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (noting the district court should have dismissed a second or successive motion under section 2255, if the movant failed to obtain the requisite Court of Appeals authorization).  The Sixth Circuit, in *Askew v. Bradshaw*, 636 Fed.Appx. 342, 345 n. 1 (2016), addressed *Magwood* and reaffirmed

6

the Sixth Circuit *Sims'*s rule and subsequent jurisprudence requiring a district court in this

Circuit to transfer, rather than dismiss, a "second or successive" petition to the Court of Appeals.

In addition, the Supreme Court has recognized that the:

> . . . AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] greatly
> restricts the power of federal courts to award relief to state prisoners who file
> second or successive habeas corpus applications.  If the prisoner asserts a claim
> that he has already presented in a previous federal habeas petition, the claim must
> be dismissed in all cases.  § 2244(b)(1).  And if the prisoner asserts a claim that
> was not presented in a previous petition, the claim must be dismissed unless it
> falls within one of two narrow exceptions.  One of these exceptions is for claims
> predicated on newly discovered facts that call into question the accuracy of a
> guilty verdict.  § 2244(b)(2)(B).  The other is for certain claims relying on new
> rules of constitutional law.  § 2244(b)(2)(A).

*Tyler*, 533 U.S. at 661-662.  Moreover, section 2244(b)(2)(B) provides that a successive petition

may be permitted:

> . . . if the petitioner can demonstrate that the "factual predicate for the claim could
> not have been previously discovered through the exercise of due diligence" and
> that, "the facts underlying the claim, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that,
> but for constitutional error, no reasonable factfinder would have found the
> applicant guilty of the underlying offense."

*In re Marsch*, No. 05-6340, 2006 WL 3780362, at \*2 (6th Cir. Dec. 20, 2006)  (quoting 28

U.S.C. § 2244(b)(2)(B)(i)-(ii)); *see also King v. Morgan*, 807 F.3d 154, 156-157 (6th Cir. 2015).

The *Magwood* Court noted, however, that, if the application is not "second or

successive," it is not subject to section 2244(b) at all, and the petitioner's claim would be

reviewable absent procedural default.  *Magwood*, 561 U.S. at 331.  The question, then, is

whether Peace's current petition should be considered a "second or successive petition."  The

phrase is not defined in the statute, and courts have rejected a literal reading.  *James*, 308 F.3d at

167.  Not every subsequent petition for habeas corpus is considered a "second or successive

petition" under the AEDPA.  *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000), and other cases); *James*, 308 F.3d at 167 (citing cases).

Because the phrase "second or successive petition" is not statutorily defined in the AEDPA, courts have resorted to the "abuse of writ" doctrine.  *James*, 308 F.3d at 167 (citing cases); *see also Bowen*, 436 F.3d at 704.  Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."  *Bowen*, 436 F.3d at 704 (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)); *see also Cress*, 484 F.3d at 852 (unavailability of factual basis establishes cause for failure to raise claim); *Siggers*, 132 F.3d at 338.

The Supreme Court has determined that, where there is a new judgment intervening between two habeas petitions, "an application challenging the resulting new judgment is not 'second or successive' at all."  *Magwood*, 561 U.S. at 341-342.  This applies to "all new judgments, whether they capture new sentences or new convictions or merely reinstate one or the other."  *King*, 807 F.3d at 157.  For example, federal courts have found that a subsequent habeas petition is not a "second or successive" petition where it raises a claim that originates at resentencing, and which could not have been addressed in the earlier petition.  *Lang v. United States*, 474 F.3d 348, 351-353 (6th Cir.), *cert. denied*, 552 U.S. 1083 (2007) (citing cases); *James*, 308 F.3d at 168 (citing cases).  The Sixth Circuit in *King* ruled that "a habeas petition that challenges a new judgment entered as a result of a resentencing is not second or successive, even if the new judgment leaves the underlying conviction undisturbed and the issues in the petition relate to that underlying judgment."  *Allen v. Westbrooks*, 700 Fed. App'x 406, 408 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 647 (2018) (citing *King*).

8

Moreover, the Sixth Circuit's *Stansell* decision determined that a petitioner, who was only partially resentenced to add a term of post-release control, was permitted "to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control." *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).  At that time, the court did not decide whether a non-custodial change to a petitioner's sentence would result in a new sentence and a new judgment for these purposes. *Bachman v. Wilson*, 747 Fed. App'x 298, 305 (6th Cir. 2018) (citing *Stansell*, 828 F.3d at 419).

In *Crangle v. Kelly*, however, the Sixth Circuit noted that a limited resentencing that benefits the prisoner, such as in a sentence-reduction, does not disturb the underlying initial judgment, which continues to constitute the final judgment.[1] *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (per curiam) (citing cases); *see also Cortez v. Warden, Chillicothe Corr. Inst.*, No. 17-3530, 2018 WL 2382456, at *2 (6th Cir. Feb. 16, 2018) (a limited resentencing that benefits the prisoner does not amount to a new judgment, citing *Crangle*).  This court has found that a sentence which removed post-release controls, to the benefit of the prisoner, did not constitute a new sentence for statute of limitations purposes. *Freeman v. Wainwright*, No. 1:17CV1368, 2018 WL 4328005, at *2 (N.D. Ohio July 30, 2018), adopted by, 2018 WL 4305208 (N.D. Ohio Sept. 10, 2018) (citing *Cortez*).

The same logic applies here.  The respondent contends that, despite the vacation of the trial court's imposition of post-release control, the trial court's 1999 sentencing entry remains the operative judgment.  (R. 8, PageID #: 136.)  The state court of appeals would seem to be in accord: the April 10, 2017, judgment entry of the state court of appeals, concerning a post-

---

[1] *Crangle* considered a statute of limitations issue. *Crangle*, 838 F.3d at 675.

conviction petition not relevant here, references the February 11, 1999, judgment entry of

conviction and sentence as the relevant judgment.  (R. 8-2, PageID #: 1261; *see generally* R. 8-1,

RX 6 (judgment entry of sentencing).)

Petitioner's present habeas claims allege trial-level errors that could have been raised in

the first petition.  *See* R. 1, PageID #: 3-5.  Peace's petition makes no assertion that either of the

section 2244(b)(2) exceptions — newly discovered facts or new rule of constitutional law —

would permit the filing of his second petition.  (R. 1); *Tyler*, 533 U.S. at 661-662.  Thus, because

this is the second petition which Peace has filed challenging his convictions, the undersigned

recommends that the petition be transferred to the Sixth Circuit Court of Appeals as a second or

successive petition, for further consideration pursuant to 28 U.S.C. §2244(b).  *Askew*, 636

Fed.Appx. at 345 n. 1.

### III.  Conclusion

The undersigned recommends that the motion to transfer (R. 8) be granted, and

Petitioner's habeas corpus petition be transferred to the Sixth Circuit Court of Appeals, pursuant

to 28 U.S.C. § 2244(b), as a second or successive petition seeking relief under section 2254.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date:  January 23, 2020

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a).
Failure to file objections within the specified time WAIVES the right to appeal the Magistrate
Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v.
Walter*s, 638 F.2d 947 (6th Cir. 1981).